

**MINUTE ENTRY**
**DUVAL, J.**
**May 22, 2000**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNON BLAIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0269** |
| **BARRY GRAHAM OIL SERVICE, L.L.C.** | **SECTION "K"(1)** |

Before the Court is a Motion for Summary Judgment filed by Vernon Blair ("Blair") seeking judgment on the issues of maintenance and cure, attorney fees, costs and penalties. The Court has reviewed the pleadings, memoranda, exhibits and the relevant law and finds as follows.

**Background**

It is uncontested that Blair was employed by defendant Barry Graham Oil Service, L.L.C. ("Graham") as a deckhand aboard the M/V JOSEPH on December 4, 1999. Furthermore Graham admits that Blair was involved in an accident on the M/V MR. JOSEPH on December 4, 1999.[1]

---

[1] The Injury or Illness Report is dated December 3, 1999; however, counsel for both plaintiff and defendant state that the injury occurred on December 4, 1999.

DATE OF ENTRY
MAY 2 2 2000



Plaintiff contends that he injured his back and neck in the accident; however, defendant denies the injury resulted from the accident. Indeed, Graham contends that Blair did not request medical attention after the accident and completed his shift without complaint.

Apparently, on January 10, 2000 there was an incident between Blair and Capt. Alex Seaman on the M/V MR. JOSEPH. As a result, Blair was terminated by Graham. Graham contends that it was only after Blair's termination that he sought medical aid for the alleged injuries. As such, Graham argues that it has a right to withhold immediate payment of maintenance and cure expenses pending its investigation of the alleged injuries and admits that it has not paid maintenance and cure at this time

Nonetheless, Graham acknowledges that plaintiff has obtained treatment through neurologist, Dr. William S. Fleet, commencing January 26, 2000. Graham concedes that plaintiff's physician has diagnosed him with lumbar and cervical radiculitis and that Blair's physician has interpreted an MRI to show disc bulging at the C4-5 and C6-7. The physician treating Blair contends that he has not reached maximum medical improvement.

**Maintenance and Cure**

As this Court has previously explained:

An employer's duty to provide maintenance and cure for its injured and ill seamen is an ancient one which can be traced back to the medieval sea codes. See Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1499 (5th Cir. 1995). Maintenance is a subsistence allowance intended to cover the reasonable costs a seaman incurs for his food and lodging during the period of his illness or injury. See, e.g., Guevara, 59 F.3d at 1499; Thomas J. Schoenbaum, Admiralty and Maritime Law § 6-32, at 358 (2d ed. 1994). Cure is an employer's obligation to pay for the medical care of the sick or injured seaman. See e.g., Guevara, 59 F.3d at 1499; Schoenbaum, supra, at 361. The duty is contractual in nature and arises without regard to whether the injury

or illness came about due to the employer's negligence. See, e.g., Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527, 58 S. Ct. 651, 82 L. Ed. 993 (1938); Charpentier v. Blue Streak Offshore, Inc., No. Civ. A. 96-323, 1997 WL 426093, at *8 E.D.La. Jul. 29, 1997).

Waggoner v. Wilson Drilling, 1998 WL 43219 (E.D.La. Feb. 3, 1998). "Thus, the breadth and inclusiveness of the shipowner's duty assure its easy and ready administration for '(it) has few exceptions or conditions to stir contentions, cause delays, and invite litigations.'" Vella v. Ford Motor Co., 421 U.S. 1, 4, 95 S. Ct. 1381, 1383 (1975).

In Charpentier, Judge Schwartz recognized:

> Upon receiving a claim for maintenance and cure, the ship owner need not immediately commence payments; he is entitled to investigate and require corroboration of the claim. However, in light of the "breadth and inclusiveness" of a shipowner's duty to provide maintenance and cure, the only question for the insurer to investigate is whether the seaman was in the service of the ship at the time his injury occurred.

Charpentier, at *8-9.

In the instant matter, the injury allegedly took place on December 4, 1999. There was no apparent complaint of discomfort prior to plaintiff's dismissal on January 12, 2000. Nonetheless, plaintiff's treating physician is of the opinion that plaintiff is disabled, and the plaintiff maintains that such disability is as a result of the accident.

An initial request for maintenance and cure was made on January 23, 2000. The instant motion was filed on April 6, 2000. Considering the circumstances surrounding this matter–that is that there was an accident that could have caused these injuries which accident occurred while plaintiff was in the service of the ship and that almost four months have gone by without Graham's concluding its investigation, the Court finds that this motion must be granted. However, this order shall not apply to significant medical treatment including surgery. The Court would note that the

3

refusal to pay for such treatment without good cause may expose defendant to a claim for attorneys' fees. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment for maintenance and cure is **GRANTED in part and DENIED in part**. Barry Graham Oil Service, L.L.C. shall pay maintenance and cure; however, this order shall not apply to significant medical treatment including surgery. In addition the request for attorney's fees, costs and penalties are denied by this order.