

**MINUTE ENTRY**
**DUVAL, J.**
**February 2, 2001**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNON BLAIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0269** |
| **BARRY GRAHAM OIL SERVICE, L.L.C.** | **SECTION "K"(1)** |

Attending a pre-trial conference held this day were:

David Hilleren for Vernon Blair and
George Gilly for Barry Graham Oil Service, L.L.C.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

Based on the discussion that ensued,

**IT IS ORDERED** that:

1. All objections to exhibits are waived unless irreparable prejudice can be demonstrated.

2. Prior to **February 10, 2001**, counsel shall:

   a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

DATE OF ENTRY
FEB 0 7 2001



      b.      review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom.

3.      No later than **4:30 p.m., February 10, 2001**, counsel shall:

      a.      file all memoranda (an original and one copy) relative to the objections to exhibits provided undue prejudice can be demonstrated as no objections were noted in the pretrial order;

**No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown.**

**Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

      b.      file all motions in limine and memoranda in support thereof mentioned in the pre-trial order;

      c.      deliver to Court one bench book with copies of marked exhibits containing a specific list of exhibits with each. The exhibits for the record shall be given to the Courtroom Deputy on the morning of trial.

      d.      submit copies of depositions to be used at trial marked with designations shown in high-lighter pen (one color for each party), and all written objections and memoranda relative thereto. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived.**

      e.      submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial order.

      f.      submit an original and one copy of proposed jury instructions, jury interrogatories, special voir dire questions, a joint statement of the case (which is a short synopsis of the facts of the case to be used for voir dire purposes).

    g.    identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order. **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS, EXCEPT UPON A SHOWING OF GOOD CAUSE.**

4.    Responses to any memoranda filed on February 10, 2001 shall be filed no later than **4:30 p.m. February 14, 2001.**

**NOTE--ALL MATERIALS TO BE FILED SHALL BE FILED IN CHAMBERS--NOT IN THE CLERK'S OFFICE**

5.    On the **day of trial** counsel shall,

    a.    provide the Court with a copy of any deposition testimony to be used for impeachment purposes, along with any other discovery material that has not been previously provided to the Court.

    b.    provide the Courtroom Deputy with a list of witnesses counsel intends to call each day of trial.

6.    Counsel shall pursue amicable resolution of this matter. In the event a settlement is reached, counsel shall retrieve all bench books and copies of depositions previously submitted to the Court within five days. Failure to timely retrieve these materials shall be construed by the Court as a request to discard same.

7.    On the day of trial, counsel shall be present in Chambers at 8:00 a.m. to discuss all necessary preliminary matters. Jury selection and trial shall commence at 8:30 a.m.

8.    Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial. This system allows counsel to show all documents and exhibits to the jury on a large screen and eliminates the need for copies of bench books for each juror. The Elmo can also be used

to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial. **The Court requires counsel to make use of the Elmo and/or Epson Projector.**

## SECTION "K"

**THIS HANDOUT IS MEANT TO PROVIDE COUNSEL WITH A "HEADS-UP" CONCERNING THIS SECTION'S TRIAL PROCEDURES. PLEASE READ IT AS YOU WILL BE DEEMED TO HAVE DONE SO AND WILL BE EXPECTED TO COMPLY WITH THEM.**

A.   **SUMMARY OF CASE**

In a jury case, counsel should submit an agreed statement of the case to be read to the jury which explains in simple terms the nature of the case. Unless the case is very complex, this summary should not exceed two paragraphs. The purpose of the summary is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions. You will be expected to provide this along with your other pre-trial filings five working days before trial. You will be informed of the specific date during the Pretrial Conference.

B.   **INTRODUCTION OF EXHIBITS AT TRIAL**

At trial, counsel should offer exhibits that have identical foundation requirements in a group. It wastes time to lay a separate foundation on several identical kinds of documents, showing the witness one at a time. If they are all the same type of documents, show the witness exhibits 1 through 10, ask the witness to identify the exhibits and lay a foundation.

Regarding agreed exhibits, even after having "streamlined" your prepared case and stipulating pursuant to the pre-trial order to the admissibility of those exhibits, often a number of those exhibits are not used during the course of trial. Thus, those documents have no meaning to the jury. Therefore, counsel should, during trial, offer exhibits on the record so that everyone knows what

exhibits are in evidence and what will be sent to the jury room. **Only those exhibits actually introduced at trial will be sent into the jury room for deliberations.**

Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial. This system allows counsel to show all documents and exhibits to the jury on a large screen and eliminates the need for copies of bench books for each juror. The Elmo can also be used to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial. The court requires counsel to make use of the Elmo and/or Epson Projector.

### C. JURY SELECTION PROCEDURE

Because alternates are no longer allowed the Court will determine the number of jurors that will be seated. Generally, seven or eight will be required depending on the length and complexity of the trial.

The jury pool will been seated in numerical order, and counsel will be provided a list thereof. The number in the pool varies with the complexity and/or notoriety of the case. In an in-chambers conference, Judge Duval will flip a coin to determine whether plaintiff(s) or defendant(s) have the first peremptory challenge each round. That order is maintained throughout the jury selection

process. Each side will have three strikes; where there are multiple plaintiffs or defendants, generally, they will share their three. The winning side (plaintiff(s) or defendant(s)) has the right to decide whether they will exercise the first challenge or pass, making the opponent exercise the first challenge. Strikes will be exercised by alternating from one side to the other.

Prior to exercising these challenges, the Court will "voir dire" the jury pool. As the Court allows counsel to propose voir dire inquiries, many of which are incorporated in the Court's inquiry, the Court's voir dire is typically extensive. Nonetheless, the Court will allow the attorneys about 10 minutes, each side, to ask their own questions.

Counsel will then approach the bench and a discussion of strikes for cause will ensue. Those jurors so stricken will not be excused in front of all the other jurors and will remain seated until after the peremptory challenges are made. After strikes for cause, the Court will present the first eight remaining jurors to the parties. The parties will not be allowed to double back; therefore, if you intend to strike anyone in the first eight, do so before that round of challenges is completed.

A round is over when both sides consecutively pass.

At the end of the first round, those remaining jurors are considered "seated" as jurors. For the next round, a sufficient number of prospective jurors is added so that the total number of "seated" and unseated jurors equals the number of jurors previously determined for that particular jury. In Round II, only the prospective jurors (those not considered in Round I) are eligible for challenge. Likewise for Round III assuming that all six challenges have not been used before the end of any round. Whenever the requisite number of jurors is so "seated," jury selection is completed.

At that point, the seated jurors' names will be read, and they will be seated in the jury box. There will be a short recess and opening statements will then begin. It is the experience of the Court

3

that as the Court begins jury selection at 8:30, a jury is generally seated by 10:00 a.m. If you anticipate that selection and opening argument will conclude before noon, plaintiff may want to have his first witness available in the morning. The time allotted for opening statements vary. You may inquire at the Pre-Trial Conference concerning those time constraints.

**D. OBJECTIONS**

First: Stand when you make objections.

Second: If one counsel conducts the direct of the witness that same counsel should make objections when the witness is cross examined. Counsel who conducts the cross, should object while the witness is on direct. Co-counsel are not permitted to make objections.

Third: Do not make a speech with an objection. For example, don't say: "Judge, you know, what he is really trying to do here is get in evidence by the back door...." **State a legal basis only.** (i.e. "Judge, objection. Calls for Speculation." "Objection, hearsay.") If there is a need to explain an objection any further, counsel can call for a side bar conference to explain in detail the basis for an objection. If opposing counsel wishes to respond, do so briefly, without making a speech (i.e. "Judge, it's a co-conspirator's statement and it's an exception"). The Court will rule. Again if counsel needs more time to respond, ask for a side bar conference.

**E.    RECESSES**

Before the jury arrives, and at each recess, counsel will be asked if there is anything that should be raised before the next session. If there is some problem that counsel anticipate will arise

4

the Court should be advised through the Courtroom Deputy or the Law Clerk on the case **before the jury returns to the jury box**.

The Court is aware that counsel may not be able to anticipate everything; however, many matters should and will be taken up during the recess.

## F.    SCHEDULING

Generally, cases are tried Monday through Friday. On Monday, you should be in Chambers by 8:00 a.m. with jury selection commencing at 8:30 a.m. for a jury trial. In the instance of a non-jury trial, you should be here at 8:30 a.m. with trial to commence at 9:00. Tuesday through Friday, Court will convene at 9:00 a.m. Lunch is generally taken at 12:30 a.m. Trial generally continues at least until 5:30 p.m. If a case can be finished in a shorter number of days by working late, depending on the jury composition, the Court may run into the evening.

As noted, every other Wednesday, the Court may have rearraignments, sentencings or hearings on motions. In that event, counsel will be informed of any change in the schedule on Tuesday morning.

**Be sure to have your witnesses lined up and present. The Court does not countenance long hiatuses between witnesses.**

## G.    JURY CHARGES

While generally, the Court employs the standard Fifth Circuit jury charges, you may submit Requested Jury Charges and Jury Interrogatories. These may be incorporated into the Court's charge.

Generally about one-half of a day before the matter is to be given to the jury, the Court will

hold a charge conference. You will be given a draft of the Court's charge with sufficient time to read same. After that time period, you will meet with the Court's law clerk and state your objections to her or him, including the non-inclusion of any of the charges sought by counsel. The Clerk will then transmit these objections to the Judge. The Judge will then meet with the attorneys, **with a Court Reporter present,** and at that time, will entertain formal objections to the charge and jury interrogatories and will rule thereon. [In some instances, the Judge will cancel the preliminary meeting of counsel with the law clerk and immediately hold the formal conference.] In the presence of the Court Reporter you should raise all of your objections as this will generally constitute the record of your objections to the charge and jury interrogatories.

### H.  NON-JURY TRIALS

The Court requires properly confected Findings of Facts and Conclusions of Law to be filed five working days prior to trial. These should be succinct and useful as the Court will use these during trial to determine whether a case has been properly proven and in the drafting of a final opinion.

Memoranda of Law should be used to flesh out legal issues discussed or raised in the Pre-Trial Conference. The advice given with respect to Motions, Exhibits, Objection and Scheduling have equal force with respect to a non-jury trial.

**CONCLUSION**

The Court has provided these guidelines to help acquaint you with Section "K"'s procedures. If you have specific questions that remain unanswered, the Court's law clerks will be happy to answer them if possible.